IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| RIEDELL SHOES, INC., a Minnesota corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DOMINION SKATE COMPANY LIMITED, a Canadian company,<br><br>Defendant. | CIVIL NO. _____<br><br><br><br>COMPLAINT (JURY TRIAL DEMANDED) |

Plaintiff Riedell Shoes, Inc. ("Riedell") alleges and states as follows for its Complaint against Dominion Skate Company Limited ("Dominion"):

## THE PARTIES

1. Riedell is a Minnesota corporation with its principal place of business at 122 Cannon River Avenue, Red Wing, Minnesota 55066.

2. Riedell is the owner of trademark rights in a double-stripe roller skate design (the "Riedell Double-Stripe Mark), which has been used continuously and exclusively in connection with Riedell's sale of roller skates since at least 1971, an example of which is shown below on Riedell's 265 Model and attached hereto as Exhibit A:



1



3. Dominion is a Canadian company, with a principal place of business at 6730 Invader Crescent, Mississauga, Ontario, Canada L5T 2B6, and which markets, sells, and distributes products throughout the United States, Canada, and Europe.

4. Dominion has recently begun marketing, selling, and palming off a roller skate design on at least two models of roller skates, the "103" and the "951" (each collectively referred to herein as the "Infringing Skates"), which deliberately copy, infringe, and misappropriate the Riedell Double-Stripe Mark, examples of which are shown below and attached hereto as Exhibit B:





5. Dominion's actions are likely to cause confusion and deceive consumers and the public regarding the source or affiliation of Dominion's Infringing Skates with Riedell's products, including the Riedell Double-Stripe Mark, and therefore Riedell has commenced this action for preliminary and permanent equitable relief and damages.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over this action because Riedell's claims arise under federal law, namely, 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1125; further, Riedell and Dominion are citizens of different countries, the amount in controversy exceeds $75,000, and therefore diversity jurisdiction exists under 28 U.S.C. § 1332; moreover, the Court has supplemental jurisdiction over Riedell's related state-law claims under 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Dominion, which conducts substantial business in the United States, which on information and belief conducts substantial business in and has substantial contacts to the State of Minnesota, which has engaged in acts or omissions within this State causing injury, which has engaged in acts or omissions outside of this State causing injury within this State, which has manufactured or distributed products used within this State in the ordinary course of trade, or which has otherwise made or established contacts with this State sufficient to permit the exercise of personal jurisdiction.

8. This Court is the appropriate venue for this action under 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. Riedell was founded over 60 years ago to produce high-quality skating boots for use with ice and roller skates, and Riedell also sells complete ice and roller skate packages and accessories throughout the United States, Canada, Europe, and other countries.

10. Riedell's skate boots have earned a strong reputation for quality, comfort, performance, and style within the sports of ice skating and roller skating, both for professional and recreational atheletes of those sports.

11. Within the ice and roller skate markets, Riedell® brand skate boots are well-known, top-of-the-line, industry-leading products that are highly sought after as a preferred brand of professional ice and roller skaters.

12. Riedell's brand and its roller skate boots and skates have acquired a long-standing and zealous following within the sport of roller derby and were first embraced by the roller skating market in the 1970s; Riedell has continued to sell specialized roller derby skates since that time.

13. Riedell's 265 Model, reflected on the attached Exhibit A, is currently the most popular roller skate in the roller derby market, and the 265 Model features the Riedell Double-Stripe Mark.

14. Since at least as early as January 1, 1971, Riedell has manufactured and sold the 265 Model and other roller skates, including the Riedell 662, the Riedell 66, the Riedell 160, the Riedel 125, and the Riedell 122, as reflected on the attached Exhibit C, all featuring the Riedell Double-Stripe Mark, establishing Riedell's

trademark and the Riedell® brand's prominence in the world of roller skating for at least the past 40 years.

15. Riedell's specialized roller derby skates have enjoyed a resurgence over the past few years, together with the revival in popularity of roller derby.

16. This resurgence in popularity of the Riedell® brand in the roller derby world is exemplified by the prominent placement of Riedell's roller derby skates in the 2009 roller derby motion picture, *Whip It*, which was widely publicized and starred actresses Drew Barrymore and Ellen Page; Riedell outfitted the *Whip It* cast in Riedell derby skates featuring the Riedell Double-Stripe Mark.

17. Attached hereto as Exhibit D are promotional photographs from *Whip It*, featuring Ellen Page and Drew Barrymore wearing Riedell's 265 Model roller skates bearing the Riedell Double-Stripe Mark.

18. Riedell sells roller skate boots bearing the Riedell Double-Stripe Mark domestically and around the world, and Riedell is an internationally famous brand in the world of professional and recreational ice and roller skating.

19. Riedell has for decades marketed, offered for sale, and sold the Riedell Double-Stripe Mark on roller skates, and Riedell has expended significant time and money promoting and protecting the Riedell Double-Stripe Mark.

20. As a result of this continuous and exclusive use of the Riedell Double-Stripe Mark in connection with roller skates, Riedell owns valuable goodwill that is symbolized by the Riedell Double-Stripe Skate.

21. The Riedell Double-Stripe Mark features and incorporates a common-law trademark and distinctive trade dress, which indicate the source of the skate, including its original design, stylistic elements, overall look and feel, and two recognizable forward-facing racing / speed stripes.

22. Since 1971, Riedell has used the Riedell Double-Stripe Mark in connection with sales of its roller skates to the public, and the Riedell Double-Stripe Mark has become an iconic image of Riedell and the sport of roller derby.

23. Well after Riedell's first use of the Riedell Double-Stripe Mark, in or about early November 2011, Riedell discovered that Dominion had begun marketing, promoting, and offering for sale to customers, in both Canada and the United States, the Infringing Skates, reflected on the attached Exhibit B, which are virtual counterfeits and cheaply-priced, knock-off versions of the Riedell Double-Stripe Mark, offered for approximately one-half more less than the cost of Riedell's 265 Model.

24. Riedell has used the Riedell Double-Stripe Mark extensively and continuously before Dominion began using the Infringing Skates, and Dominion was well aware of the Riedell Double-Stripe Mark based on Dominion's presence and participation in the roller and ice skate markets for several decades.

25. Dominion's roller skates featuring the Infringing Skates are similar to and compete with goods sold and custom skate boot designs offered by Riedell, and the parties' goods appear and are sold through overlapping channels of trade, including throughout at least the United States and Canada and including on the

Internet.

26. Dominion's use of a nearly identical and confusingly similar mark to the Riedell Double-Stripe Mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Dominion with Riedell, or as to the origin, sponsorship, or approval of Dominion's goods, services or commercial activities by Riedell.

27. The likelihood of confusion, mistake, and deception engendered by Dominion's use of the Infringing Skates in connection with roller skates is causing irreparable harm to the goodwill associated with the Riedell Double-Stripe Mark.

28. Further, Dominion's use of the Infringing Skates is an attempt to counterfeit, infringe on, unfairly compete with, and unjustly profit from, the Riedell Double-Stripe Mark.

## COUNT I
**Trademark Infringement And Unfair Competition Under 15 U.S.C. § 1125**

29. Riedell incorporates herein the allegations in Paragraphs 1 through 28 above.

30. As alleged herein, Dominion has offered for sale, marketed, and promoted the Infringing Skates, which are likely to cause confusion, mistake, or deceive as to their affiliation with the Riedell Double-Stripe Mark or as to affiliation, connection, or association with Riedell and the Riedell Double-Stripe Mark, or as to the origin, sponsorship, or approval of the Infringing Skates by Riedell.

31. As a direct and proximate result of Dominion's infringement, Riedell has suffered and will continue to suffer irreparable harm for which no adequate remedy at law

exists, and Riedell is entitled to preliminary and permanent injunctive relief and to recover all damages caused by Dominion's infringement, including Dominion's profits and Riedell's actual damages, attorney fees, and costs.

## COUNT II
## Common Law Trademark Infringement And Unfair Competition

32. Riedell incorporates herein the allegations in Paragraphs 1 through 31 above.

33. Dominion's use of an identical and confusingly similar imitation of the Riedell Double-Stripe Mark, in the form of the Infringing Skates, constitutes common law trademark infringement and unfair competition, and it is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Dominion with Riedell or as to the origin, sponsorship, or approval of Dominion's goods, services or commercial activities by Riedell.

34. Unless enjoined by this Court, Dominion's use of the Infringing Work will continue to cause a likelihood of confusion and deception among the public and cause injury to Riedell's goodwill and reputation as symbolized by the Riedell Double-Stripe Mark, for which Riedell has no adequate remedy at law.

35. Dominion's actions are an intentional, willful, and malicious intent to trade on the goodwill associated with the Riedell Double-Stripe Mark to Riedell's great and irreparable injury.

36. Dominion has caused and is likely to continue causing substantial injury to the public and to Riedell, and Riedell is entitled to preliminary and permanent injunctive relief as well as to recover Dominion's profits, Riedell's actual

damages, and Riedell's costs and reasonable attorney fees as permitted by law.

## COUNT III
## Trade Dress Infringement

37. Riedell incorporates herein the allegations in Paragraphs 1 through 36 above.

38. Riedell's products incorporate distinctive trademarks and trade dress, including the Riedell Double-Stripe Mark, which indicate the source of the skates, including distinctive design, stylistic elements, and the overall look and feel of the skates including without limitation the two distinctive racing stripes on the Riedell Model 265. These elements present an overall visual skate boot image that is presented to consumers to identify the origin of the skates as Riedell.®

39. Dominion has infringed Riedell's trademarks and trade dress by copying the distinctive look and feel of the Riedell Double-Stripe Mark in its Infringing Skates in such a way that is likely to cause confusion to consumers as to the source of the similar goods.

40. The Infringing Skates are confusingly similar to, and incorporate the substantial elements of the marks, trade dress, and overall look and feel of, the Riedell Model 265.

41. Dominion's acts constitute willful and knowing infringement of Riedell's trademarks and trade dress in violation of Section 43(a) of the Lanham Act.

42. Riedell's business, reputation, and goodwill have been irreparably damaged by Dominion's infringement of Riedell's trademarks and trade dress.

43. Riedell is therefore entitled to preliminary and permanent injunctive relief as well

as all resulting damages, including Dominion's profits, Riedell's actual damages, and attorney fees and costs.

## COUNT IV
## False Advertising in Violation of Federal Law

44. Riedell incorporates herein the allegations in Paragraphs 1 through 43 above.

45. Dominion has engaged in false advertising in violation of Section 43(a) of the Lanham Act by using, in connection with its goods, false or misleading descriptions and representations of fact in interstate commerce in commercial advertising or promotion. The Infringing Skates and the representations contained therein deceive or have the capacity to deceive a substantial portion of potential consumers by their nearly exact copy of the Riedell Model 265 but at a cheaper price and at a lower quality. Such descriptions and representations are material in that they are likely to influence the consumer's purchasing decision and they misrepresent the nature, qualities, and/or origin of Dominion's goods, as well as impute poor quality to the Riedell Model 265, and Riedell is, or is likely to be, damaged by Dominion's acts.

46. Dominion's acts were knowing, willful, malicious, deliberate, and/or fraudulent, making this an exceptional case within the meaning of 15 U.S.C. § 1117, and therefore Riedell is entitled to recover its attorney fees and costs.

## COUNT V
## State Law Unfair and Deceptive Trade Practices

47. Riedell incorporates herein the allegations in Paragraphs 1 through 46 above.

48. Dominion has engaged in deceptive trade practices in violation of Minn. Stat. § 325D.44 due to its infringement of the trademark and trade dress embodied in the Riedell Double-Stripe Mark and the Riedell Model 265, which causes the likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of the Infringing Skates and causes the likelihood of confusion as to the affiliation, connection, or association with the Riedell Double-Stripe Mark.

49. Dominion has also engaged in unlawful trade practices in violation of Minn. Stat. § 325D.13 by engaging in conduct that misleads consumers as to the quality and origin of the merchandise offered for sale.

50. Dominion's unauthorized use of the Infringing Skates as alleged and described herein further constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the Uniform Deceptive Trade Practices statutes of several states, including, but not limited to, CAL. CIV. CODE § 1770; CAL. BUS. & PROF. CODE 17500 *et. seq.*; COLO. REV. STAT. § 6-1-101 *et seq.*; 815 ILL. COMP. STAT. 510/1-7; 815 ILL. COMP. STAT. 505/1-12; 765 ILL. COMP. STAT. 1040/1-9; DEL. CODE ANN. tit. 6, §§ 2531 to 2536; MASS. GEN. LAWS ch. 93A, § 2(a); N.Y. GEN. BUS. Law § 349; and OHIO REV. CODE § 4165.01-.04.

51. Dominion's unauthorized use of a confusingly similar imitation of the Riedell Double-Stripe Mark and in particular the Riedell Model 265 has caused and is likely to continue to cause substantial injury to the public and to Riedell, and Riedell is entitled to preliminary and permanent injunctive relief, recovery of

Dominion's profits, and Riedell's actual damages, costs, and attorney fees, as well as punitive damages.

52. As a direct and proximate result of the likelihood of confusion created by Dominion's conduct, Riedell has suffered and will continue to suffer irreparable harm if Dominion's conduct is not enjoined.

53. Under Minn. Stat. §§ 325D.45 and 8.13, subd. 3a, due to Dominion's knowing and willful infringement, Riedell is entitled to recover its costs and attorney fees.

## COUNT VI
## State Law Trademark Infringement

54. Riedell incorporates herein the allegations in Paragraphs 1-53 above.

55. Riedell has registered the Riedell Double-Stripe Mark with the Minnesota Secretary of State as set forth in the attached Exhibit E.

56. Riedell therefore has acquired ownership and exclusive right to use the Riedell Double-Stripe Mark on and in connection with the roller skate boots within this State.

57. In violation of Minn. Stat. § 333.28, Dominion has deliberately and willfully offered for sale and sold, without Riedell's consent, the Infringing Skates, which are identical and so similar to the Riedell Double-Stripe Mark that they are likely to cause confusion or mistake on the part of a purchaser of skates or to deceive such a purchaser as to the source or origin of the skates, and Dominion has reproduced, counterfeited, copied, or colorably imitated the Riedell Double-Stripe

Mark and applied such reproduction, counterfeit, copy, and colorable imitation to its labels and advertisements in order to sell the Infringing Skates.

58. Based on Dominion's intent to cause confusion, mistake, and deception, Riedell is entitled to recover damages, including actual damages, Dominion's profits, treble damages, attorney fees, and costs, as well as injunctive relief, under Minn. Stat. § 333.29.

## PRAYER FOR RELIEF

WHEREFORE, Riedell prays that:

1. Dominion and all of its agents, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Dominion, or in concert or participation with Dominion, and each of them, be enjoined preliminarily and permanently, from:

    a. using the Riedell Double-Stripe Mark, or any other copy, reproduction, colorable imitation, or simulation of the Riedell Double-Stripe Mark, including without limitation the Infringing Skates, on or in connection with roller skates or roller skate accessories;

    b. using any trademark, service mark, name, logo, design, or source designation of any kind, including without limitation the Infringing Skates, on or in connection with roller skates, which is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Riedell, are sponsored or authorized by Riedell, or are in any way connected or related to Riedell;

  c. passing off, palming off, or assisting in passing off or palming off, Dominion's goods or services, including without limitation the Infringing Skates, as those of Riedell, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

  d. attempting to register the Infringing Skate, or any other copy, reproduction, colorable imitation, or simulation of the Riedell Double-Stripe Mark in any state, federal, or foreign governmental agency that registers or recognizes trademarks;

2. Dominion be ordered to abandon, withdraw, or cancel, as the case may be, any and all trademark applications or registrations anywhere in the world that consist of the Infringing Skates in connection with roller skates;

3. Dominion be ordered to recall and impound all products bearing the Infringing Skates or any other confusingly similar mark, which have been shipped by Dominion or under its authority to any corporate or individual customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each customer a copy of any court order for injunctive relief that may be issued against Dominion;

4. Dominion be compelled to account to Riedell for any and all profits derived by Dominion from the manufacture, sale, licensing or distribution of the Infringing Skates as described in this Complaint;

5. Riedell be awarded all damages caused by the acts forming the basis of this Complaint, including Dominion's profits and treble damages;

6. Dominion be required to pay Riedell the costs of and the reasonable attorney

fees incurred by Riedell in this action as permitted by law;

7. Based on Dominion's willful and deliberate infringement and dilution of the Riedell Double-Stripe Mark, and to deter such conduct in the future, Riedell be awarded punitive damages;

8. Dominion be required to pay prejudgment interest on all monetary awards; and

9. Riedell have such other and further relief as the Court may deem just.

**PLAINTIFF DEMANDS A JURY ON ALL CLAIMS SO TRIABLE**

Dated: November 11, 2011

BEST & FLANAGAN LLP

_____
Edward Sheu (MN ID #312885)
225 S. Sixth Street, Suite 4000
Minneapolis, MN 55402
(612) 339-7121
(612) 339-5897
esheu@bestlaw.com

ATTORNEYS FOR PLAINTIFF